IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| MARYLAND ELECTION INTEGRITY, LLC, *et al.*, | * | |
| *Appellants*, | * | No. 24-1449 |
| v. | * | |
| MARYLAND STATE BOARD OF ELECTIONS, | * | |
| *Appellee*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MARYLAND STATE BOARD OF ELECTIONS' OPPOSITION TO MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT**

This is an appeal from the district court's order dismissing without prejudice, on grounds of standing, a challenge to Maryland's entire system of elections. The plaintiffs, Maryland Election Integrity, LLC, and United Sovereign Americans (collectively, "Maryland Election Integrity") filed their opening brief in this Court on July 9, 2024. (ECF No. 11.) The Maryland State Board of Elections' brief currently is due August 8, 2024. (ECF No. 9.) Oral argument has not been scheduled.

One week after filing its brief, Maryland Election Integrity moved this Court "to expedite the appeal for briefing and oral argument." (ECF No. 12-1, at 1.) The request should be denied. Nothing about Maryland Election Integrity's prosecution

of its claims to this point has been expeditious. And it has provided no factual basis for its assertion that "voter registration inaccuracies and voting system errors . . . are occurring at such a large magnitude to make the issues a pressing concern in need of immediate resolution." (ECF No. 12-1, at 2 ¶ 7.)

In the district court, Maryland Election Integrity pursued its claims with little regard for haste. The organization filed its complaint, which sought (among other things) to enjoin Maryland from holding its May 14, 2024 primary election, on March 6, 2024. (J.A. 2.) But it did so based on voter registration data it had obtained and analyzed between August 2021 and November 2023. (J.A. 14). Further, upon filing its complaint, Maryland Election Integrity did not seek a shortened responsive pleading schedule. Instead, over a month later, while mail-in voting was already underway, Maryland Election Integrity filed an amended complaint. (J.A. 32.) And it waited another week before requesting a temporary restraining order and preliminary injunction to halt the ongoing primary election. (J.A. 3.) Although the district court dismissed the case altogether, it observed that had the injunctive request not thereby been mooted, it would have been denied because Maryland Election Integrity "lacked diligence and . . . delayed unreasonably in filing suit." (J.A. 321 n.3.)

Maryland Election Integrity has likewise shown no haste in pursuing this appeal. The clerk docketed the appeal on May 17, 2024. (ECF No. 1.) Yet,

2

Maryland Election Integrity did not move to expedite. Thus, on May 30, 2024, this Court issued a briefing order establishing July 9, 2024 as the deadline for Maryland Election Integrity's brief and August 8, 2024 as the deadline for the State Board's brief. (ECF No. 9.)

Maryland Election Integrity did not seek to modify this briefing schedule, choosing instead to file its brief on July 9, 53 days after the appeal was docketed. (ECF No. 10.) That brief contained the first mention of its desire for expedited review, in the form of a statement that a motion to expedite was being filed "contemporaneously" with the brief. Appellants' Br. 42.[1] Even then, Maryland Election Integrity waited a full week before moving to expedite, invoking a supposed need to "receive meaningful review before November 5, 2024." (ECF 12-1, at 2 ¶ 9.)

Maryland Election Integrity's lengthy delay warrants denial of its motion. That delay calls into question any claim of urgency. In addition, it prejudices the State Board: Having waited to seek expedited review until it had taken the full amount of time allotted to prepare its own brief, Maryland Election Integrity should not be permitted to shorten the State Board's time in the name of seeking rapid disposition of this case. *See Nader v. Land*, 115 Fed. Appx. 804, 805 (6th Cir. 2004)

---

[1] Notwithstanding that statement of intention, Maryland Election Integrity did not inquire as to the State Board's position on the motion.

3

(denying a motion to expedite an appeal of an election challenge because appellants "[did] not proceed[] expeditiously," as they had moved to expedite six weeks after noting the appeal).

Nor does Maryland Election Integrity provide any cognizable basis for its claim of urgency. To justify its request for an expedited briefing and argument schedule, it makes dramatic assertions about the alleged disrepair of Maryland's voter registration and voting system. (ECF 12-1, at 2 ¶¶ 7-10.) Yet Maryland Election Integrity provides no support for those assertions. It certainly has provided no reason to think that the fairness of the upcoming general election in Maryland will depend on whether this Court reviews the district court's standing-based order of dismissal before November 5.

This Court should therefore deny the request to expedite the briefing schedule and any oral argument that may be ordered.

                                              Respectfully submitted,

                                              ANTHONY G. BROWN
Attorney General of Maryland

/s/ Daniel M. Kobrin
_____

DANIEL M. KOBRIN
Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
dkobrin@oag.state.md.us
(410) 576-6472
(410) 576-6955 (facsimile)

July 19, 2024                               Attorneys for the Maryland State Board of Elections

## CERTIFICATE OF SERVICE

I certify that, on this 19th day of July, 2024, the foregoing was filed electronically and served on counsel of record, who are registered CM/ECF users.

                                          /s/ Daniel M. Kobrin
                                          _____
                                          Daniel M. Kobrin