## No. 24-1449

# United States Court of Appeals
### *for the*
# Fourth Circuit

---

MARYLAND ELECTION INTEGRITY, LLC;
UNITED SOVEREIGN AMERICANS, INC.,

*Plaintiffs-Appellants*,

– v. –

MARYLAND STATE BOARD OF ELECTIONS,

*Defendant-Appellee,*

and

BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW,

*Amicus Curiae.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND AT BALTIMORE

## REPLY BRIEF OF APPELLANTS

C. EDWARD HARTMAN, III
HARTMAN, ATTORNEYS AT LAW
116 Defense Highway
Suite 300
Annapolis, Maryland 21401
(410) 266-3232

BRUCE L. CASTOR, JR.
VAN DER VEEN, HARTSHORN,
LEVIN, & LINDHEIM
1219 Spruce Street
Philadelphia, Pennsylvania 19107
(215) 422-4194

*Counsel for Appellants*

COUNSEL PRESS    (800) 4-APPEAL • (810550)

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................ ii

ARGUMENT ............................................................................................. 1

    I.    Appellee's arguments with respect to Maryland Election
           Integrity's standing are without merit and attempt to impose
           additional requirements never before required by this Court .............. 1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Baker v. Carr*,
    369 U.S. 186 (1962)...................................................................... 2, 3, 4

*Bishop v. Bartlett*,
    575 F.3d 419 (4th Cir. 2009) ...............................................................3

*Gill v. Whitford*,
    585 U.S. 48 (2018)...............................................................................3

*Gray v. Sanders*,
    372 U.S. 368 (1963).........................................................................1, 2

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).............................................................................3

*Reynolds v. Sims*,
    377 U.S. 533 (1964).............................................................................3

*Rucho v. Common Cause*,
    588 U.S. 684 (4th Cir. 2019) ...............................................................4

## ARGUMENT

**I.     Appellee's arguments with respect to Maryland Election Integrity's standing are without merit and attempt to impose additional requirements never before required by this Court.**

The crucial inquiry in this appeal is whether Appellant, Maryland Election Integrity, LLC, possesses standing through its members to bring this suit. Maryland Election Integrity set forth through its Amended Complaint a series of facts establishing that its members are individuals qualified to vote in Maryland whose votes have been diluted through the Maryland State Board of Elections' (hereinafter, "Board of Elections") failure to ensure that its voting systems and voter registration records meet certain federal standards prior to certifying the vote. Through its pleading, Maryland Election Integrity made numerous, specific allegations concerning discrepancies in the voting records, which suggest that this is not merely a speculative issue, but a very real problem causing voters reasonable concern regarding whether their votes are being appropriately counted and considered. Maryland Election Integrity, by and through its members, has attempted to obtain additional information from the Board of Elections to ascertain the severity of this problem, but their public information requests have been consistently denied.

It is a well-recognized principle that any person whose right to vote has been impaired has standing to sue. *Gray v. Sanders*, 372 U.S. 368, 375 (1963). Qualified voters have a constitutionally protected right to cast their ballots and have their votes

1

be counted and reported correctly, undiluted by illegal ballots. *Id*. at 380. Impairment may result from, among other things, dilution from false tally, refusal to count votes from arbitrarily selected precincts, or stuffing of the ballot box. *Baker v. Carr*, 369 U.S. 186, 208 (1962). These principles fit squarely within the purview of what Maryland Election Integrity alleged below, and therefore it is clear that Appellants possessed standing to bring suit.

The Board of Elections argued in its submission that Maryland Election Integrity failed to set forth injury in fact on behalf of its members, which proved fatal to its claim for standing. The Board of Elections attempted to frame Maryland Election Integrity's claims as "generalized grievances" concerning improper government conduct and set forth a novel set of additional requirements Maryland Election Integrity's members must satisfy in order to meet the standing criteria. For example, the Board of Elections contends that Maryland Election Integrity's members failed to establish standing because the Amended Complaint did not explicitly set forth that its members actually voted, only that they were eligible qualified voters. The Board of Elections also appears to suggest that in order for Maryland Election Integrity members to establish standing, they must provide the trial court with a detailed account of their voting history, including who they voted for in each election. The Board of Elections failed to identify any case law to support such a requirement but now insists that it was required.

2

As an initial matter, the Board of Elections may continuously state that Maryland Election Integrity's claims constitute generalized grievances, but that does not make it true. Generalized grievances in the context of standing refer to instances where the plaintiff's only harm concerns "his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573 (1992). However, the United States Supreme Court previously held that a group of qualified voters alleging that the state's action diminished the effectiveness of their vote *did not* state a generalized grievance. *Baker*, 369 U.S. at 208. This Court further stated in *Bishop v. Bartlett* that the wide-spread nature of injury to the right to vote would not preclude a finding that it was a concrete injury resulting in injury in fact. 575 F.3d 419, 424 (4th Cir. 2009)(holding that it is beyond dispute that an individual's right to vote is a basic political right, "such that the government's interference with that right may satisfy the injury-in-fact requirement").

The Board of Elections further cannot unilaterally decide that Maryland Election Integrity's members must disclose their entire voting history in order to demonstrate standing. It has long been recognized "that a person's right to vote is 'individual and personal in nature.'" *Gill v. Whitford*, 585 U.S. 48, 65 (2018)(quoting *Reynolds v. Sims*, 377 U.S. 533, 561 (1964)). Particularly in the

3

current political climate, forcing an individual to disclose how they voted in an election may be stigmatizing, and as such imposing such a requirement would likely have a chilling effect on qualified voters seeking to redress vote dilution through the judicial system. Maryland Election Integrity further claims that their members votes are being diluted by a plethora of erroneously counted and/or illegal ballots, which is supported by the number of votes vastly exceeding the number of qualified voters in identified areas. There are also a significant amount of blank ballots resulting from the voting systems failure to register properly cast votes. These issues would dilute the vote of a qualified Maryland resident regardless of their political affiliation or preferences, further undermining the Board of Elections' contention that this requirement is necessary.

The Board of Elections' contention that Maryland Election Integrity cannot rely upon voter dilution to satisfy its injury-in-fact requirement because there is no allegation that the dilution involves racial or ethnic minorities is similarly unavailing. One of the seminal cases involving voter dilution as injury in fact, *Baker v. Carr*, did not involve any mention of racial or ethnic minorities. 369 U.S. 186 (1962). This Court has also provided an alternate definition of voter dilution that more aptly fits the case at hand. *Rucho v. Common Cause*, 588 U.S. 684, 709 (4th Cir. 2019) ("'vote dilution' in the one-person, one-vote cases refers to the idea that each vote must carry equal weight").

Finally, the Board of Elections attempts to argue that Maryland Election Integrity member Kate Sullivan cannot argue she possesses standing because her ballot may have been one of the "blank ballots" which failed to register the voter's selection effectively canceling out their vote. The Board of Elections essentially contends that because Ms. Sullivan cannot aver with any reasonable certainty that her vote resulted in a blank ballot, she lacks standing to raise this issue.  This argument must fail on multiple levels.  As set forth in the Amended Complaint, Maryland Election Integrity and its members have repeatedly sought to obtain information regarding Maryland voting systems, registrations, and other irregularities from their government officials and been repeatedly denied access. Kate Sullivan's vote may very well have been canceled out by a blank ballot, but she has no reasonable way of ascertaining this without access to information which Appellees continue to baselessly withhold.  Stated differently, Appellee's "Catch-22" position suggests that a voter lacks standing to bring suit based on the blank ballots unless his vote resulted in a blank ballot, but in order to ascertain whether his vote resulted in a blank ballot he will need information in Appellee's exclusive possession, which they will not afford him access to.

Maryland Election Integrity, by and through its members, brought this action to attempt to get answers regarding significant discrepancies, such as voting districts certifying considerably more votes than there are qualified voters.  Members have

attempted to gain this access through other means, such as public information requests, but these requests have been repeatedly denied as alleged in the Amended Complaint. Maryland Election Integrity contends that its Amended Complaint sets forth facts necessary to establish that its members satisfy the injury-in-fact requirement; however, in the event the Court denies the instant appeal, Appellant respectfully requests that the Court include in its determination that Maryland Election Integrity will be able to establish standing by including an averment that its members, including Kate Sullivan, actively voted in recent federal and state elections.

Respectfully Submitted,

*/s/ C. Edward Hartman, III*
C. Edward Hartman, III
Hartman, Attorneys at Law
116 Defense Highway, Ste. 300
Annapolis, MD 21401
(410) 266-3232
ed@hartman.law

*/s/ Bruce L. Castor, Jr.*
Bruce L. Castor, Jr.
(PA ID No. 46370)
van der Veen, Hartshorn, Levin & Lindheim
1219 Spruce St.
Philadelphia, PA 19107
(215) 546-1000
bcastor@mtvlaw.com
*Counsel for Appellants*

CERTIFICATE OF COMPLIANCE

1.    This brief complies with type-volume limits because, excluding the parts of
the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure
statement, table of contents, table of citations, statement regarding oral
argument, signature block, certificates of counsel, addendum, attachments):

[ X ] this brief contains [1,301] words.

[    ] this brief uses a monospaced type and contains [*state the number of*] lines
of text.

2.    This brief complies with the typeface and type style requirements because:

[ X ] this brief has been prepared in a proportionally spaced typeface using
[*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name
and version of word processing program*] with [*state number of characters
per inch and name of type style*].


Dated:  August 29, 2024                    /s/ C. Edward Hartman, III
                                           *Counsel for Appellants*

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 29th day of August, 2024, I caused this Reply Brief of Appellants to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Daniel M. Kobrin
OFFICE OF THE ATTORNEY
  GENERAL OF MARYLAND
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576-6472

*Counsel for Appellee*

/s/ C. Edward Hartman, III
*Counsel for Appellants*